HEINDL, Respondent, vs. DOHERTY, City Clerk, Appellant.

*March 11—June 29, 1933.*

248

*Thos. C. Dwyer,* city attorney of Green Bay, for the appellant.

For the respondent there was a brief by *Silverwood, Fontaine & Brazner* of Green Bay, and oral argument by *A. B. Fontaine* and *T. P. Silverwood.*

ROSENBERRY, C. J. The statutes relating to the nomination of candidates are not as clear and definite as they might be. When, however, the broad legislative purpose is ascertained, a good deal of difficulty in interpreting them is removed. Sec. 5.02, Wis. Stats., provides:

"Hereafter, all candidates for elective offices shall be nominated: (1) By a primary held in accordance with this chapter, or, (2) By nomination papers signed and filed as provided by this chapter."

Sec. 10.32 provides:

"(1) Candidates for mayor and councilmen shall be nominated at large by a primary election three weeks before the

municipal election in the manner provided for the non-partisan nomination of candidates for elective city offices by chapter 5, so far as such provisions are applicable, and shall be elected by the voters of the city at large."

Sec. 5.07 provides:

"All nomination papers shall be filed as follows: . . . (3) For city officers, or other officers voted for exclusively within one city, in the office of the city clerk."

Sec. 5.17 (3) provides:

"No person . . . shall be entitled to have his name placed on such ballot who has not filed a nomination paper as provided in sections 5.05 and 5.07."

Sec. 5.17 (4) provides:

"The persons, equal in number to twice the number of persons to be elected to any office, receiving the highest vote for such office at any city primary, shall be the nominees, . . . and their names, and no others, shall be placed on the official ballot at the ensuing . . . election."

Sec. 5.26 provides:

"(1) . . . Independent or non-partisan nominations may be made for any office to be voted for at any general, judicial, special or city election.

"(2) . . . Such nominations shall be made by nomination papers, containing the name of the candidate, . . .

"(6) Such nomination papers shall be filed as follows: . . . For candidates to be voted for . . . wholly within one city in the office of the city clerk, not more than twenty nor less than fifteen days before such election."

From a consideration of these and other statutes the defendant argues (1st) that there are two methods of nominating candidates under sec. 5.02 of the Wisconsin Statutes: (1) by primary election (secs. 5.02, 5.25); and (2) by nomination papers (sec. 5.26); (2d) that the authority to determine whether a primary shall be held or not does not rest with the candidate or candidates; (3d) that the common council having intentionally failed to appropriate

the necessary money to pay the expenses of the election, the city clerk could not be compelled to call the same. It is argued that under the provisions of sec. 5.26 (1) and (2) the provisions of sec. 5.17 (4) are modified and that nominations may be made under prior sections of the statutes and then supplemented by nominations filed pursuant to the provisions of sec. 5.26, and therefore that, instead of holding a primary, the whole number of nominees nominated may be submitted to the electors at the city election.

A consideration of the provisions of ch. 5 makes the purpose of the chapter plain. When pursuant to sec. 5.17 (4) persons are nominated for a city office by nomination papers duly filed and the persons filing such nomination papers exceed in number twice the number of persons to be elected to any city office, a city primary must be held. As a result of such primary, the persons equal in number to twice the number of persons to be elected to a city office receiving the highest vote at the primary for such office are the nominees, and the statute specifically provides that no other names shall be placed upon the ballot. When the persons nominated do not exceed twice the number of persons to be elected to any city office, the holding of a primary is unnecessary. The provisions of the statute with reference to filing nomination papers for city offices, providing how names shall be placed on the ballot, and the prohibition against placing any other names upon the ballot, are clear and specific and are not amended by the provisions of sec. 5.26. There is no such thing as an independent and non-partisan nomination in the sense in which that term is used in sec. 5.26 for a city office. The provisions of sec. 5.26 apply to cases where there are party primary nominations or where there are nominations by nomination papers without a primary. Party nominations in elections for city offices are abolished so that independent or non-partisan nominations are not possible. If non-partisan, they must be outside of a party; if independent,

they must be pursuant to the action of those who signed the nomination papers; but in the case of the election of city officers, the nomination papers must be filed, and if a number greater than twice the number of city officers is filed, then there must be a primary held as provided by statute. After such a primary no other names may be placed on the ballot.

The statute vests no discretion in the common council or city clerk with respect to the holding of a primary for city offices where the requisite number of nomination papers are filed. For these reasons, as already stated, the judgment of the trial court was affirmed.